# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REED BEIDLER, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Reed Beidler ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, the United States of America, pursuant to the Internal Revenue Code, 26 U.S.C. §7422. In support of this action, Plaintiff states as follows:

### The Parties

1. Plaintiff is an individual with a residence at 2690-A Plane Rest Drive, Waukegan, IL 60087.

2. Defendant is the United States of America.

### Jurisdiction and Venue

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1) and the Internal Revenue Code, 26 U.S.C. §7422.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1402(c), which provides that any civil action against the United States may be brought in the judicial district where the plaintiff resides or where the act or omission complained of occurred.

### Background

5. John K. Beidler, who is now deceased, created the Cascade Trust (the "Trust") in 1996. Plaintiff, his son, is a permitted beneficiary of the Trust.

55624925.2

6. All distributions from the Trust are at the complete discretion of Trustee.

7. The Trust was originally created in Bermuda with a Bermuda corporate Trustee. The Trust situs was moved to Illinois in 2015. The current situs of the Trust is South Dakota.

8. The Trust has a protector who is also a U.S. resident.

9. The Trust owns an annuity issued through an insurance company located in Puerto Rico.

10. Plaintiff is not, and has never been, an owner of the Trust.

11. Nevertheless, the Internal Revenue Service (the "IRS") assessed penalties against Plaintiff, as if Plaintiff was an owner of the foreign Trust.

12. Plaintiff should not have been assessed any of the below penalties and all of the payments made to satisfy the below assessment should be refunded to him.

**Penalties**

13. In February, 2022, the IRS made the following penalty assessments against Plaintiff under Internal Revenue Code §§6039F and/or 6677, for tax year 2012:

|  | Date | Penalty |
|---|---|---|
| **Year 2012** | 02/21/2022 | $462,414 (Form 3520-A) |
|  | 02/28/2022 | $460,000 (Form 3520-A, continuation penalty) |

**Payments**

14. Plaintiff made the following payments to fully pay the account balance:

|  | Date | Payments/Credits |
|---|---|---|
| **Year 2012** | 10/08/2024 | $1,096,549.72 |
|  | 05/02/2025 | $    2,100.00 |

-3-

15. Through these payments, Plaintiff paid the entire balance the IRS claimed due for the civil penalty assessment for tax year 2012 under protest.

16. Plaintiff filed a Claim for Refund and Request for Abatement (the "Claim") on September 26, 2024. Attached is the Claim as <u>Exhibit A</u>.

17. Plaintiff did not receive a formal claim denial from the IRS in response to the Claim.

18. Plaintiff is entitled to pursue this action based on the expiration of the six (6) month period following the filing of his Claim, with no response from IRS, under Internal Revenue Code §7422 and Treas. Reg. §301.6532-1(a).

## COUNT I

### <u>CIVIL ACTION FOR REFUND (26 U.S.C. §7422) – Improper Claim Denial</u>

19. Plaintiff incorporates by reference and thereby re-alleges all the allegations contained in paragraphs 1-18 above as though fully set forth herein.

20. Plaintiff has paid the amount involved in the Claim for tax year 2012 and is entitled to a refund in full.

21. The IRS incorrectly denied Plaintiff's request for abatement of penalties for tax year 2012, and thus incorrectly denied his claim for refund for tax year 2012.

22. Plaintiff is therefore entitled to a full abatement and refund of the amounts paid.

## COUNT II

### <u>CIVIL ACTION FOR REFUND (26 U.S.C. §7422) – Lack of Authority to Assess Penalties</u>

23. Plaintiff incorporates by reference and thereby re-allege all the allegations contained in paragraphs 1-27 above as though fully set forth herein.

24. Plaintiff has paid the amount involved in the Claim for tax year 2012, and is entitled to abatement of the improper assessments and a refund of all amounts paid.

25. The penalties at issue were not assessable against Plaintiff because the IRS did not have the authority to assess such penalties, and therefore, the IRS incorrectly denied his claim for a refund for tax year 2012.

26. Plaintiff is therefore entitled to full abatement and refund of amounts assessed and paid.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Reed Beidler, prays that this Court:

1. Grant refunds in the amount claimed of $1,096,549.72 plus accruing interest;

2. Award of the Plaintiff's attorney's fees and costs pursuant to 26 U.S.C §7430; and

3. Grant such other and further relief as this Court deems just and proper.


Dated: May 30, 2025

SAUL EWING LLP

By: */s/ Bethany Beaver*
Kathleen M. Lach
Adam S. Fayne
Bethany Beaver
161 N. Clark St., Suite 4200
Chicago, IL 60601
Phone: 312-876-7100
Kathleen.lach@saul.com
Adam.fayne@saul.com
Bethany.beaver@saul.com

*Counsel for Plaintiff Reed Beidler*

55624925.2

-5-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she served copies of the foregoing **Complaint** by certified mail, return receipt requested on May 30, 2025 to the following:

>United States of America
>c/o Andrew S. Boutros
>U.S. Attorney's Office
>219 S. Dearborn St., Suite 500
>Chicago, Ill. 60604
>
>Internal Revenue Service
>230 S. Dearborn St.
>Chicago, IL 60604

By: */s/ Bethany Beaver*