# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| REED BEIDLER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:25-CV-06074 |
| | ) | |
| v. | ) | Hon. Edmond Chang |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT II OF COMPLAINT

Plaintiff, Reed Beidler ("Plaintiff" or "Beidler"), by and through his attorneys, Kathleen Lach, Adam Fayne and Bethany Beaver of Saul Ewing LLP respond in opposition to Defendant United States of America's ("Defendant") Motion to Dismiss Count II of Plaintiff's Complaint and states as follows:

### INTRODUCTION

Relying solely on non-binding case law and the "impermissible variance" doctrine – a doctrine that has not been adopted by the Seventh Circuit – Defendant asks this Court to dismiss Count II of Plaintiff's Complaint due to lack of subject matter jurisdiction based on sovereign immunity. Contrary to Defendant's allegation, Plaintiff's refund claim puts the Defendant on notice as to the basis of Count II of the Complaint. Further, because the Seventh Circuit has not adopted the "impermissible variance" doctrine, Defendant's Motion should be denied.

### FACTS

On May 30, 2025 Plaintiff filed his Complaint against Defendant. Dkt. No. 1. The Complaint alleges Plaintiff was assessed penalties based on the IRS's erroneous assumption that he was the owner of the subject trust, which he is not. *Id.* Consequently, the Complaint asserts

1

two counts – a Civil Action for Refund pursuant to 26 U.S.C. § 7422 for improper claim denial and a Civil Action for Refund pursuant to 26 U.S.C. § 7422 for lack of authority to assess penalties. Dkt. No. 1.

The Complaint also denotes Plaintiff filed a Claim for Refund and Request for Abatement on September 26, 2024 (the "Claim"). Exhibit A of the Complaint, attached, contains the Claim, including Form 843 and an attachment thereto. The attachment provides the factual background of Plaintiff's case which is nearly identical to the facts set forth in Plaintiff's Complaint. Dkt. No. 1. The attachment also explains, in part, that "we believe the taxpayer had no filing requirement for the information returns at issue" and "[a]accordingly, no penalty is appropriate in this case." Dkt. No. 1-1, p. 4. The attachment further provides "[t]he IRS proposes penalties for filing delinquencies of federal reporting forms under IRC §§ 6677 and 6048" and "taxpayer disputes the filing requirements" and "computation of any penalties." *Id.*

On September 30, 2025 Defendant filed its answer to Count I of the Complaint and a motion to dismiss Count II of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The basis of Defendant's argument is that "because the IRS had no notice of Plaintiff's assessment authority argument and the facts upon which such an argument is predicated, Count II of the Complaint substantially varies from the administrative claim filed by Plaintiff and must be dismissed for lack of jurisdiction." Dkt. No. 20, p. 8. Because the IRS had notice as required by the Seventh Circuit, Defendant's Motion should be denied.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir.2009). "[A] complaint must contain sufficient factual matter, accepted
2

56519887.2

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal,* 556 U.S. at 678–79. In considering a motion to dismiss, a court may review exhibits attached to the complaint without converting the motion to one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir.2002).

In contrast, "[t]he district court is not bound to accept as true the allegations of the complaint as to jurisdiction where a party properly, as through a Rule 12(b)(1) motion, raises a factual question concerning the court's jurisdiction." *Gervasio v. United States*, 627 F. Supp. 428, 430 (N.D. Ill. 1986). "The court may look beyond the jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists." *Id.* The party asserting jurisdiction has the burden of supporting his jurisdictional allegations with competent proof. *Id.*

**ARGUMENT**

1.  **Dismissal Is Improper under 12(b)(1) or 12(b)(6) because the IRS had Adequate Notice of Plaintiff's Claims and the Underlying Facts**

As set forth in Defendant's Motion, a timely sufficient claim for refund is an "explicit statutory prerequisite to the government's waiver of sovereign immunity" and a jurisdictional prerequisite to a refund suit. Dkt. No. 20, p. 5. Defendant argues that Plaintiff's refund claim is "insufficient" because it does not explicitly state Plaintiff was "challenging the IRS's assessment authority." *Id*. at 8. Because the Seventh Circuit has rejected the pleading-like standard Defendant asserts must exist in Plaintiff's refund claim, the Motion should be denied.

Despite Defendant's arguments to the contrary, the Seventh Circuit has rejected the position that refund claims must provide the amount of detail contained in a pleading or criminal

indictment. *American Nat. Bank & Trust Co. v. United States,* 594 F. 2d 1141, fn. 1 (7th Cir. 1979). In *American Nat. Bank & Trust Co. v. United States*, the Seventh Circuit upheld the district court's determination that the plaintiff had sufficiently put the IRS on notice of improper computation of a penalty even though the refund claim focused mostly on a reasonable cause defense. 594 F. 2d 1141, fn. 1 (7th Cir. 1979) The refund claim also mentioned, in one single sentence, that "the assets in which the decedent had an interest were, in fact, of nominal value and, in any event, would have resulted in a no-tax liability had a Federal Estate Tax return been timely filed." *Id*. The court found this sufficient notice to IRS of plaintiff's refund claim for improper computation of a penalty. *Id*. The Seventh Circuit further noted:

> The purpose of the statute and regulations is to allow the IRS to make a reasonable and intelligent investigation and evaluation of the taxpayer's claim. Accordingly there is substantial authority that these regulations do not require the strictness of common-law pleading or criminal indictment but only require that the statement of facts be reasonably sufficient to make the Commissioner aware of the nature of the claims; the specific legal formulations of these claims need not be made.

*Id*.

Indeed, Defendant has even admitted that the Seventh Circuit has not adopted the "substantial variance rule," – the basis of its motion. Instead, Defendant attempts to rely on two Seventh Circuit cases in support of its argument that "that taxpayers cannot present legal or factual theories in court they did not present to the IRS in a way that complied with § 301.6401-1(b)(1)." Dkt. No. 20, p. 7. These cases do not stand for this proposition.

First, in *Nick's Cigarette City, Inc.*, the Seventh Circuit held that the plaintiff's "refund claims did not provide ***any information*** that would identify the grounds on which it disputed the IRS' assessment." *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 521 (7th Cir. 2008) (emphasis added). "[I]nstead, the taxpayer's refund claim merely attached the notice of deficiency issued by the IRS and stated that it WAS ASSESSED DESPITE THE TAXPAYERS [sic]

4

VERIFICATION OF ALL ITEMS IN QUESTION." *Id*. The court held plaintiff did not file a proper refund claim because it did not provide any information as to what would be challenged in the district court action. *Id.*

Similarly, in *Hefti v.IRS,* the taxpayer plaintiff only submitted his amended returns and a single statement that one of the taxpayers was a sole proprietor of a business he operated out of his own residence and the business was in the process of massive expansion as part of plaintiff's refund request. 8 F.3d 1169, 1173-74 (7th Cir. 1993). The Seventh Circuit held the plaintiff taxpayers did not properly provide sufficient information in their refund request that allowed the court to exercise subject matter jurisdiction because the returns and the single factual statement did not provide any factual basis for the refund request, and the plaintiff taxpayer had failed to make their supporting records available to the IRS. 8 F.3d 1169, 1173-74 (7th Cir. 1993).

Here, Plaintiff's refund claim is completely inapposite to those submitted in *Nick's Cigarette City* and *Hefti*. Plaintiff's refund claim does not consist merely of a single sentence or a reference to amended returns. Instead, it consists of sixteen pages of documents including a four page summary of the bases for the refund request. The refund claim lays out facts sufficient to apprise the IRS of the background regarding the subject trust, and explains why Plaintiff was not required to file the information returns at issue. Further, the refund claim poses two main theories as to why a refund is appropriate in this case. First, Plaintiff disputes "the filing requirements" and "computation of any penalties." Dkt. No. 1, Ex. A, p. 9. He further advises that "the information return filing requirements did not fall to him" and that there was no "[f]iling requirement for the information returns at issue" and "[a]accordingly, no penalty is appropriate in this case." *Id*. Second, the refund states "in alternative" reasonable cause exists. *Id.* Consequently, it is clear on the face of the refund request that the IRS was put on notice that Plaintiff was asserting two bases

for his refund claim. Plaintiff's primary argument is that the IRS assessed penalties against him for not filing a form that he was not required to file and therefore, the IRS did not have the ability or authority to assess the penalties. Because "the statement of facts [is] reasonably sufficient to make the Commissioner aware of the nature of the claims" Plaintiff was not required to set forth "the specific legal formulations of these claims." *American Nat. Bank & Trust Co. v. United States*, 594 F. 2d 1141 at fn. 1. Therefore, the refund claim is sufficient, and Defendant's motion should be denied.

Finally, it has been held by other circuit courts that "merely stating a section of the Code on which the taxpayer relies is sufficient notice to the IRS of the nature of the claim." *First Nat. Bank of Fayetteville, Ark. v. United States*, 727 F.2d 741, 744 (8th Cir. 1984). Here, Plaintiff explicitly states he is requesting a refund for those penalties assessed against him under IRC § 6677 and 6048, and therefore, the IRS Commissioner was sufficiently put on notice of the nature of the Claim.

Ultimately, Defendant asserts Count II should be dismissed based on a theory of "substantially variance" that has not been adopted by the Seventh Circuit and based on cases that the Defendant asserts are similar to the theory of "substantial variance." However, since these cases reviewed refund requests that were based on a one sentence claim or based on amended tax returns with little additional support, they are factually incomparable to the fulsome request, fact statement, and legal theories posited by Plaintiff. Therefore, Plaintiff's refund claim was sufficient, and Defendant's motion should be denied.

## CONCLUSION

WHEREFORE, Plaintiff Reed Beidler requests this Court deny Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

56519887.2

Date: October 21, 2025

                                              Respectfully Submitted,

                                              */s/ Kathleen Marie Lach*
                                              Attorney for Plaintiff

Kathleen Marie Lach
Adam S. Fayne
Bethany Beaver
Saul Ewing LLP
161 N. Clark Street, Suite 4200
Chicago, IL 60601
(312) 876-6660
kathleen.lach@saul.com
Adam.fayne@saul.com
Bethany.beaver@saul.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on October 21, 2025, she caused the foregoing motion to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

*/s/ Bethany Beaver*
