IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REED BEIDLER, | ) | Case No. 1:25-CV-06074 |
| | ) | |
| Plaintiff, | ) | Hon. Edmond Chang |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS COUNT II OF THE COMPLAINT FOR LACK OF JURISDICTION**

Defendant United States submits this memorandum of law in support of its reply in support of its motion for partial dismissal. Because Plaintiff failed to raise the grounds in Count II in his administrative claim for refund, Count II of Plaintiff's complaint is barred by sovereign immunity and must be dismissed.

**INTRODUCTION**

Plaintiff Reed Beidler filed a refund suit under 26 U.S.C. § 7422. In Count II of the complaint, Plaintiff alleges that "the IRS did not have the authority to assess such penalties" that were assessed against him under 26 U.S.C. §§ 6039F and 6677. ECF No. 1 ¶¶ 13, 25. Because Plaintiff failed to raise this new argument in his administrative claim for refund with the IRS, sovereign immunity prevents him from raising it for the first time in this refund suit. This is known as the "variance doctrine" because it prevents a taxpayer from varying their theory of the case between their administrative claim and refund suit. The United States moved to dismiss Count II of the complaint under this theory.

Plaintiff counters that the Seventh Circuit has not adopted this doctrine and that his refund claim put the IRS on notice of the basis of Count II. Although the Seventh Circuit has not

expressly named the "variance doctrine," Plaintiff overlooks the Seventh Circuit's adoption of the doctrinal principles rooted in the tax code and regulations—regardless of whether the court puts a name to it. Applying these principles, Count II impermissibly varies from Plaintiff's refund claim and must be dismissed.

## LEGAL ARGUMENT

### I. The Seventh Circuit recognizes the requirements of the "variance doctrine" even if it hasn't adopted it by name.

Plaintiff insists that because the Seventh Circuit has not adopted the variance doctrine by that name, the United States' motion to dismiss should be denied. But by focusing on form over substance, Plaintiff overlooks governing case law and regulations. The variance doctrine, referred to as such for convenience, applies here.

The variance doctrine originates from 26 U.S.C. § 7422(a). This statute mandates that "[n]o suit or proceeding shall be maintained in any court for the recovery. . . of any penalty claimed to have been collected without authority. . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, *and the regulations of the Secretary established in pursuance thereof*." *Id*. (emphasis added). Among those regulations is a requirement that a refund claim "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b)(1).

Taken together, the applicable tax laws require a taxpayer to file a refund claim stating the grounds and facts upon which their claim rests before filing suit. The Seventh Circuit recognizes this. *E.g.*, *Belt Ry. Co. of Chicago v. United States*, 567 F.2d 717, 719-20 (7th Cir. 1977); *Goulding v. United States*, 929 F.2d 329, 332 (7th Cir. 1991) (stating that absent an IRS waiver, if a claim is not sufficiently detailed according to Treas. Reg. § 301.6402-2(b)(1), a

district court lacks jurisdiction). The contrapositive, then, is also true: if a taxpayer does not state the grounds and facts upon which their claim rests in their refund claim, there is no jurisdiction over their refund suit. *See, e.g.*, *Xpedior Creditor Tr. v. Credit Suisse First Boston (USA), Inc.*, 309 F. Supp. 2d 459, 462 (S.D.N.Y. 2003) ("This reasoning is known as the 'contrapositive.' If 'if X then Y' is true, then "if not Y then not X" is also *necessarily* true."); *Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*, 387 F. Supp. 2d 175, 185 (E.D.N.Y. 2005), *aff'd*, 199 Fed. Appx. 29 (2d Cir. 2006) ("[A]s elementary logic teaches, the contrapositive of [a] statement is equally true[.]"). The variance doctrine is simply the logical extension of this concept. If the taxpayer's refund suit is based on grounds or facts that substantially differ from those advanced in the taxpayer's refund claim, then they did not state the grounds and facts upon which their suit rests in their refund claim and there is no jurisdiction over the suit.

  These requirements were "devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." *Tucker v. Alexander*, 275 U.S. 228, 231 (1927). They ensure that the IRS has "notice as to the nature of the claim and the specific facts upon which it is predicated" and "an opportunity to correct errors," and "limits any subsequent litigation to those grounds that the IRS had an opportunity to consider and is willing to defend." *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000); *see also Hefti v. I.R.S.*, 8 F.3d 1169, 1173-74 (7th Cir. 1993). Filing suit on grounds that were exhausted administratively is thus "an inseverable condition on Congress's waiver of sovereign immunity." *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1091 (9th Cir. 2007).

Plaintiff suggests that in the Seventh Circuit, a taxpayer is not required to present theories in their refund claim consistent with Treasury Regulation 301.6402-2(b)(1) to advance that theory in their refund suit. *See* Doc. No. 28 at 4. For support, Plaintiff states that in *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516 (7th Cir. 2008), "[t]he court held that plaintiff did not file a proper refund claim because it did not provide any information as to what would be challenged the district court action." Doc. No. 28 at 5. Plaintiff further states that in *Hefti*, 8 F.3d, the plaintiffs did not provide enough information or supporting documentation with their refund claim to allow the court to exercise subject matter jurisdiction. *Id*. It is unclear how these holdings are inconsistent with the requirement that taxpayers comply with Regulation 301.6402-2(b)(1).

The *Nick's Cigarette City* court explained that Treasury Regulation 301.6402-2(b)(1) requires that a refund claim "set forth in detail *each ground* upon which a credit or refund is claimed *and facts* sufficient to apprise the Commissioner of the exact basis thereof," and because plaintiff's claim "was not sufficiently detailed to satisfy the requirements of [the Regulation]," the district court lacked subject matter jurisdiction. *Id*. at 521 (emphasis added); *see also Hefti*, 8 F.3d at 1173-74 (compliance with Treas. Reg. § 301.6402-2(b)(1) is a prerequisite to jurisdiction over a refund suit). The logical conclusion is that taxpayers cannot present new theories in a refund suit that they did not present to the IRS in compliance with Regulation 301.6402-2(b)(1).

Indeed, "[c]ourts have consistently held that taxpayers may not raise arguments in their complaints which they failed to raise in their claim for refund," *Karpowycz v. United States*, 586 F. Supp. 48, 52 n.2 (N.D. Ill. 1984) (collecting authorities), regardless of whether the Seventh Circuit has expressly named the variance doctrine. *See also Bowers v. United States*, 498 F. App'x 623, 627 (7th Cir. 2012) (in a suit under 26 U.S.C. § 7433, which has similar exhaustion

requirements to § 7422, the court held that the taxpayer's "administrative claim could not overcome the bar of sovereign immunity for a second reason: It did not articulate the grounds for his claim 'in reasonable detail.'"). And in any event, Plaintiff cannot avoid the prerequisites to a tax refund suit prescribed by Congress. Thus, Plaintiff's argument that the line of variance doctrine cases cited by the United States are nonbinding is without merit.

## II. Plaintiff did not exhaust his administrative remedies with respect to Count II, so dismissal is proper.

Count II of Plaintiff's complaint must be dismissed because Plaintiff failed to raise the IRS's alleged lack of authority to assess penalties in his claim for refund. This Court therefore lacks jurisdiction over Count II. *See* U.S.C. § 7422(a); 26 C.F.R. § 301.6402-2(b)(1); *see also* Doc. No. 20-1 (United States' Memorandum in Support of Its Motion to Dismiss Count II of the Complaint for Lack of Jurisdiction).

Plaintiff claims the IRS was on notice of his "no-authority" argument because, in his refund claim, Plaintiff disputed the filing requirement giving rise to the penalties assessed against him. Doc. No. 28 at 5-6. But Plaintiff is conflating liability with authority. The United States does not dispute Plaintiff's ability to advance his argument in this suit that he did not have a filing requirement. If he were correct, then the penalty was erroneously asserted and he is entitled to a refund. Rather, the United States rejects Plaintiff's ability to advance an argument that the IRS lacked the authority to assess the penalties in the first instance even if the facts support its imposition—an issue Plaintiff never raised in his refund claim.

Plaintiff's refund claim focuses only on the merits of his claim and the validity of the assessments. This is distinct from challenging the IRS's authority to assess penalties under I.R.C. Section 6677. To be sure, Plaintiff is free to challenge the validity of the assessments made against him under Count I by arguing that he did not have a filing requirement based on the facts

set forth in his refund claim. But Plaintiff cannot, for the first time in this refund suit, challenge the IRS's authority to make those assessments for some unstated and unexplained reason. Count II could include a variety of arguments that the IRS never had the opportunity to review. For example, under Count II, Plaintiff could hypothetically try to argue that the IRS lacks authority to assess penalties because Congress lacks authority to require taxpayers to report a foreign trust where the corpus is outside the territorial reach of the United States, or because the IRS is unconstitutional. Because Plaintiff did not raise these arguments in his refund claim, he cannot do so now. *See Karpowycz*, 586 F. Supp. at 52 n.2 (N.D. Ill. 1984) (taxpayer was precluded from raising a constitutional argument in a refund suit that he did not raise in his refund claim).

Plaintiff reduces the administrative exhaustion requirement to a numbers game. He asserts that a single statement is not enough to constitute a proper refund claim but "sixteen pages of documents including a four page summary of the bases for the refund request" is. *See* ECF No. 28 at 5. But it is the content and not the volume that matters when determining whether a taxpayer raised an issue in their refund claim before bringing a refund suit. True, Plaintiff's refund claim is 16 pages (Doc. No. 28-1), but it consists primarily of IRS documents and an explanation of the reasonable cause defense provided by law. Nowhere in Plaintiff's claim for refund does he claim that the IRS did not have the authority to assess civil penalties against him.

Plaintiff also takes the position that requesting a refund under Sections 6677 and 6048 is sufficient to satisfy the notice requirements. The case Plaintiff cites is not binding and the facts are distinguishable from those in this case. In *First National Bank of Fayetteville*, which Plaintiff relies on, the issue was the applicability of 26 U.S.C. § 2055(e)(2). *First Nat. Bank of Fayetteville, Ark. v. United States*, 727 F.2d 741 (8th Cir. 1984). Because the taxpayer referred to § 2055(e)(3) specifically in their refund claim, the government argued that the taxpayer was

precluded from raising an argument based on § 2055(e)(2) in the refund suit. *Id*. at 743-44. The Court rejected the government's argument because "both the taxpayer's claim for refund and his complaint filed in court refer to § 2055(e) and the availability of a charitable deduction thereunder" and "it is evident from other documents in the record that the basic issue in the case involved the applicability of § 2055(e) and that the IRS was aware that that was the nature of the claim." *Id*. at 744.

In contrast, simply citing to the sections under which penalties were assessed is not enough to put the IRS on notice that Plaintiff is challenging their authority to assess those penalties. The United States agrees that Plaintiff may challenge the validity of the assessments on the merits. But to assume the IRS is on notice that a taxpayer is challenging its assessment authority when a taxpayer only mentions the relevant code section is not sufficient to put the Commissioner on notice of the basis of the refund claim.

Because Plaintiff failed to challenge the IRS's assessment authority in his claim for refund, he cannot do so for the first time in his refund suit.

WHEREFORE, the Defendant United States respectfully requests that the Court dismiss Count II of the Complaint, with prejudice.

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ Paige M. Brigham*
MARY A. STALLINGS
PAIGE BRIGHAM
Trial Attorneys, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-598-7808 (v) (Brigham)
202-514-5238 (f)
Mary.A.Stallings@usdoj.gov
Paige.Brigham@usdoj.gov

## CERTIFICATE OF SERVICE

 I hereby certify that on December 16, 2025, the foregoing document was filed electronically using the Court's ECF system. The filing is available for viewing and downloading from the ECF system.

*/s/ Paige M. Brigham*
PAIGE M. BRIGHAM
Trial Attorney
U.S. Department of Justice