**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REED BEIDLER, | |
| Plaintiff, | No. 1:25-CV-06074 |
| v. | Judge Edmond E. Chang |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Reed Beidler paid tax penalties but believes that he is owed a refund because those penalties were improperly assessed, so he filed this civil suit against the government. *See generally* R. 1, Compl.[1] Citing sovereign immunity, the government moves to dismiss one of Beidler's two theories of relief. R. 20, Gov't's Mot. For the following reasons, the Court grants the government's motion and dismisses Count Two of the Complaint.

## I. Background

In evaluating the motion to dismiss, the Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Beidler is a permitted beneficiary of a trust created in 1996 and originally located in Bermuda. Compl. ¶¶ 5, 7. In

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction under 28 U.S.C. § 1346(a)(1).

2022, the IRS assessed more than $900,000 in penalties for tax year 2012 because, in its view, Beidler was required to, but did not, file certain information returns about the foreign trust. *Id.* ¶¶ 11, 13; R. 1-1, Compl. Exh. A at 4. Beidler paid the balance under protest. Compl. ¶¶ 14–15.

Meanwhile, in September 2024, Beidler filed an administrative claim for refund with the IRS. Compl. ¶ 16; Compl. Exh. A at 2–16. In the refund claim, Beidler argued that he was due a refund because (1) he was not responsible for the filing requirement underpinning the penalty; and (2) even if he were, reasonable cause warranted an abatement of the penalty. Compl. Exh. A at 4–7.

Around six months later, *see* 26 C.F.R. § 301.6532-1(a)(1), Beidler filed this civil suit seeking a refund under 26 U.S.C. § 7422 of the penalties paid. *See generally* Compl. Beidler's Complaint advances two counts, both under § 7422: (1) that the IRS erroneously denied his claims for abatement and a refund; and (2) that the IRS lacked the authority to assess the penalties. Compl. ¶¶ 19–26. The government seeks dismissal of Count Two because, in its view, Beidler did not raise that ground in his administrative claim for refund, as he was required to do. R. 20-1, Gov't's Br. at 4–8; 26 C.F.R. § 301.6402-2(b)(1).

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests."

2

*Twombly*, 550 U.S. at 555 (cleaned up).[2] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). At the same time, the Supreme Court instructs that "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task." *Iqbal*, 556 U.S. at 679. The Seventh Circuit has drawn a context-dependent distinction between relatively straightforward employment discrimination claims versus more complex claims. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

### III. Analysis

The parties dispute whether Count Two advances a ground that was raised in Beidler's refund claim before the IRS. They agree, however, that if it was not a ground raised in the administrative proceedings, then the government has not waived its sovereign immunity as to that particular claim. *See* 26 U.S.C. § 7422(a); Gov't's Br. at 4–6; R. 28, Pl.'s Resp. at 3. And, the parties say, sovereign immunity would function as a jurisdictional bar. *See* Gov't's Br. at 4–5; Pl.'s Resp. at 3.

But it is not clear what *kind* of jurisdictional bar is presented by sovereign immunity. Sovereign immunity does not appear to affect a court's *subject matter* jurisdiction because, unlike subject matter jurisdiction, it is waivable in the course of litigation. *Morgan v. Fed. Bureau of Prisons*, 129 F.4th 1043, 1050 (7th Cir. 2025); *United States v. County of Cook*, 167 F.3d 381, 385–90 (7th Cir. 1999); *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008) (citing generally *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002)). The Supreme Court has neither confirmed nor rejected this understanding. Instead, the Supreme Court has said only that sovereign immunity is "jurisdictional in nature" because it "deprives courts of the power to hear suits against the United States absent Congress's express consent." *United States v. Miller*, 604 U.S. 518, 527 (2025) (cleaned up).

The parties thus are not sure whether to frame the government's motion as one brought under Civil Rule 12(b)(1) for lack of subject matter jurisdiction or 12(b)(6) for failure to state a claim—or even 12(b)(2) for lack of personal jurisdiction, *see Morgan*, 129 F.4th at 1050—and understandably so. Notwithstanding this ambiguity and

4

because neither side is presenting evidence that could be considered under only one or the other characterization of the government's motion, *see* Fed. R. Civ. P. 12(d), the Court discusses the matter as one of jurisdiction generally.

"[T]he United States, as sovereign, is immune from suit, save as it consents to be sued …." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (cleaned up). To bring an action against the United States, Beidler must identify "a federal law that waives the sovereign immunity of the United States to the cause of action." *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) (per curiam). In tax-refund cases, "[a] timely, sufficient claim for refund" is an "explicit statutory prerequisite to the government's waiver of sovereign immunity." *Martin v. United States*, 833 F.2d 655, 658–59, 662 (7th Cir. 1987) (citing 26 U.S.C. § 7422); *see also* 26 C.F.R. § 301.6402-2(b)(1) (requiring a claim to "set forth in detail *each ground* upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the *exact basis* thereof" (emphases added)).

The parties initially dispute how closely the arguments in an administrative claim and civil complaint must match. Beidler contends that the ground asserted in the refund claim merely must be "reasonably sufficient." Pl.'s Resp. at 3–4 (quoting *Am. Nat'l Bank & Tr. Co. v. United States*, 594 F.2d 1141, 1143 n.1 (7th Cir. 1979)). The government proposes adopting the view of another circuit that the ground in the civil complaint must not "substantially vary" from the claim presented to the IRS. Gov't's Br. at 6–7 (quoting *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000)).

5

The Court sees no need to resolve this threshold disagreement—if it is one at all—because Count Two fails under either articulation of the test. As Beidler confirms, he presents "two bases" for a refund: (1) that the filing requirement did not apply to him; and (2) that reasonable cause exists to abate the penalty. Pl.'s Resp. at 5. At bottom, Beidler contends that the IRS erred in assessing penalties against him. *See id.* at 1–2.

But the Court agrees with the government that "[t]here is a gulf between acting improperly and acting without colorable authority." *Ditkowsky v. Stern*, 581 F. App'x 571, 573 (7th Cir. 2014) (non-precedential disposition) (citing generally *Stump v. Sparkman*, 435 U.S. 349 (1978)). That is why the Supreme Court has observed that the "want of power cannot be predicated of mere errors." *In re McKenzie*, 180 U.S. 536, 551 (1901). So Beidler's two grounds for abatement or a refund—about the erroneous *exercise* of statutory authority, an authority that he did not previously dispute generally exists—do not suffice to put the government on notice that he might raise an argument about the IRS's complete lack of authority.[3]

Having said all this, dismissal of Count Two ultimately should not affect Beidler's avenues for relief. As the government acknowledges, he is free to develop

---

[3]To be sure, this depends on the level of generality at which authority is defined. *City of Arlington v. Fed. Commc'ns Comm'n*, 569 U.S. 290, 299–301 (2013) (comparing an agency that exceeds the scope of authority with one that exceeds the authorized application of its authority). And the statute authorizing Beidler's suit does contemplate that a litigant could allege that the penalty was "collected without authority." 28 U.S.C. § 1346(a)(1). But as the government notes, Beidler also could advance theories under Count Two about the IRS's lack of authority completely unrelated to the two substantive arguments he does make. R. 35, Gov't's Reply at 5–6.

both arguments he raised in his refund claim. R. 35, Gov't's Reply at 5–6. Indeed, ultimately those are the only two grounds Beidler suggests he wishes to present in this lawsuit. *See* Pl.'s Resp. at 5.

### IV. Conclusion

The United States' motion, R. 20, is granted, and Count Two is dismissed for want of jurisdiction on sovereign immunity grounds. Because the dismissal is jurisdictional, it is formally without prejudice, but the Court does not grant Beidler leave to amend. *See Morgan*, 129 F.4th at 1052; *Flynn v. FCA US LLC*, 39 F.4th 946, 954 (7th Cir. 2022).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 5, 2026

7